UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA, WEST PALM BEACH DIVISION

IN RE:

EDWARD JOHN DOLAN and　　　　　　　　CASE NO.:   10-36036-PGH
LORI ANN DOLAN　　　　　　　　　　　　CHAPTER 07

　　　　　Debtor(s)
_____/

**CARRINGTON MORTGAGE SERVICES' MOTION
TO RE-OPEN DEBTOR'S BANKRUPTCY, COMPEL SURRENDER
OF THE PROPERTY PURSUANT TO § 521(a)(2)(B) AND FOR SANCTIONS**
*Subject Property: 5447 Twin Oaks Road, Lake Worth, FL 33463-6774*

Creditor, **CARRINGTON MORTGAGE SERVICES,** as servicer for Deutsche Bank National Trust Company as Indenture Trustee for New Century Home Equity Loan Trust 2004-3, ("Creditor"), by and through undersigned counsel and pursuant to 11 USC §§ 350(b), 521(a)(2)(B), 105(a) and Fed. R. Bankr. P. 2010, moves this Court to re-open the Debtors', **EDWARD JOHN DOLAN** ("Edward") and **LORI ANN DOLAN** ("Lori")(collectively "Debtors"), and compel surrender; and in support there of states:

SUMMARY OF MOTION, JURISDICTION & VENUE

1.　　Creditor respectfully request this Court to re-open this bankruptcy proceeding based on the Debtors' conduct in the Creditor's foreclosure action styled *Deutsch Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan trust 2004-3 v. Lori Ann Dolan, et al.,* ("Foreclosure Action)" in the Fifteenth Circuit Court for Palm Beach County Florida, case number 2010-CA-017620.   In addition to re-opening this proceeding, the Creditor request this Court enter an order barring the Debtors from contesting the Foreclosure Action pursuant to 11 USC § 521(a)(2)(B) and imposing sanctions pursuant to §105(a).

2.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

3.　　Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

SUMMARY OF PERTINENT FACTS

4. The Creditor filed its Complaint in the Foreclosure Action on July 6, 2010 based on the Note and Mortgage executed on July 28, 2004 in the amount of $144,800.00. **Exhibit "A."** The Creditor holds a security interest in the subject property located at 5447 Twin Oaks Road Lake Worth, Florida 33463 ("Property"). Shortly thereafter the Debtors filed this voluntary Chapter 7 proceeding on August 31, 2010.

5. The Debtors filed their statement of intentions pursuant to 11 U.S.C. §521. The Debtor's statement of intentions indicated that would surrender this property to the Creditor, Carrington Mortgage Services, and did not claim the property as exempt.

6. On Scheduled A and D, the Debtors listed an ownership interest in the Property, valued at $124,000.00. On Schedule D, the Debtors admit that the property is over-encumbered by a mortgage and listed the Creditor as the secured creditor for the subject property and listed the last active date of October 16, 2008.

7. The Debtor's Schedules are all signed under penalty of perjury. On December 17, 2010 the Debtor received a discharge in this bankruptcy, the Creditor obtained relief from the automatic stay on November 9, 2010, DE 20.

8. After receiving a discharge from this debt the Debtors actively contested the Foreclosure Action. Subsequent to receive a discharge of the mortgage debt, the Debtors filed, a Motion to Dismiss, Request for Production, Interrogatories, sought to take a deposition, and a Motion to Dismiss its Amended Complaint. **Composite Exhibit "B."** The Debtors, later sought to dismiss the Amended Complaint by specially setting a hearing, filed an Answer and Affirmative Defenses to the Amended Complaint, Notice of Taking Deposition Duces Tecum, Second Set of Interrogatories, Third Set of Interrogatories, and a Fourth Set of Interrogatories. **Composite**

**Exhibit "C."**

9. The Debtor's Answer and Affirmative Defenses contained the following defenses:

   a. Unclean hands based on Perjury Act 1 §837.02, Mortgage Fraud pursuant to §§817.54, 817.545;

   b. Plaintiff Lacks Standing;

   c. Failure to fulfill Conditions Precedent;

   d. Fraudulent Inducement; and

   e. Failure to Apply Payments;

10. In Defense of the Foreclosure Actions, the Debtors filed a Motion to Compel Mediation. Mediation was held which resulted in an impasse. Thereafter, Debtor's filed a Motion in Limine, Noticed a deposition of four non-party employees of the Creditor, and filed a Renewed Motion in Limine. **Composite Exhibit "D."**

11. Recently, the Debtors filed a Motion for Involuntary Dismissal and/or Sanctions, Objected to the Creditor Second Amended Witness and Exhibit Lists and Noticed a Deposition of Clay Gordon. **Composite Exhibit "E."**

12. The Debtor's conduct in the Foreclosure Action is not consistent with their stated intention to surrender the Property in Bankruptcy and require a discharge of the underlying mortgage debt.

### SURRENDER OF THE SUBJECT PROPERTY IS NECESSARY AS THE DEBTORS ARE IN VIOLATION OF THE STATEMENT OF INTENTIONS AND 11 USC § 521(a)(2)(B)

13. The Creditor requests this Court re-open this bankruptcy proceeding, pursuant to 11 U.S.C. §350(b), and enter an order prohibiting the Debtors from contesting the Foreclosure Action pursuant to 11 U.S.C. §521, (a)(2)(B), as the Debtors' conduct contradicts their sworn statement to surrender the Property.

### a) Re-opening this Bankruptcy is Necessary Due to the Debtors' Conduct

14. Pursuant to Federal Rule of Bankruptcy Procedure 5010, a "case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Pursuant to 11 U.S.C. §350(b), a "case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

15. Whether to reopen a closed bankruptcy case is within the Court's discretion based upon "the particular circumstances and equities of each case." *In re Mayhugh*, 427 B.R. 549, 552 (Bankr. S.D. Fla. 2010).

16. In this case, the Debtors admit, under penalty of perjury, that they own the Property at issue in the Foreclosure Action and intended to surrender this Property to the Creditor. Despite this declaration the Debtors have actively litigated every aspect of the Foreclosure Proceeding in violation of §521(a)(2)(B). Therefore, cause is shown to re-open this proceeding pursuant to §350(b).

### b) Surrender of the Property Required under §521(a)(2)(B)

17. Under §521(a)(2)(B), the Debtor has a statutory duty to perform his clearly stated intent to surrender the Property. Section 521(a) of the Bankruptcy Code states, in pertinent part, that:

> (a) The debtor shall—
> \* \* \*
> (2) *if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate*—
> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, *file with the clerk a statement of his intention with respect to the retention or surrender of such property* and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; and
> (B) *within 30 days after the first date set for the meeting of*

> *creditors under section 341(a)*, or within such additional time as the court, for cause, within such 30-day period fixes, ***perform his intention with respect to such property***, as specified by subparagraph (A) of this paragraph[.]

(emphasis supplied)

18. "In many jurisdictions, including the Eleventh Circuit, if the debtor chooses to retain nonexempt collateral under § 521(a)(2), he only has two options: reaffirmation or redemption." *In re Plummer*, 513 B.R. 135, 141 (Bankr. M.D. Fla. 2014) (*citing Taylor v. AGE Fed. Credit Union (In re Taylor)*, 3 F.3d 1512 (11th Cir. 1993)). Judge Jennemann of the Bankruptcy Court for the Middle District of Florida elaborated:

> He may "reaffirm" his agreement with the secured creditor to pay the prepetition debt, or "redeem" the collateral by paying the allowed secured claim amount in full. But, "[w]here the debtor decides not to reaffirm, or the parties cannot negotiate a reaffirmation, or redemption is not economically feasible, the debtor has but one option: 'surrender' the collateral."

*Id.* (*quoting In re Pratt*, 462 F.3d 14, 19 (1st Cir. 2006)); *see also In re Steinberg*, 447 B.R. 355, 357 (Bankr. S.D. Fla. 2011) ("In this circuit, a chapter 7 debtor has only three options with respect to property subject to a lien or mortgage: (1) surrender the property; (2) redeem the property; or (3) reaffirm the debt.").

19. With respect to a secured debt, section 521(a)(2) requires that a chapter 7 debtor surrender the collateral to the secured creditor absent a reaffirmation agreement or redemption of the collateral. *In re Taylor*, 3 F.3d 1512, 1516 (11th Cir. 1993); *In re Steinberg*, 447 B.R. 355, 358 (Bankr. S.D. Fla. 2011); *In re Linderman*, 435 B.R. 715, 718 (Bankr. M.D. Fla. 2009).

20. "In *Taylor*, the 11th Circuit Court of Appeals has interpreted section 521 of the Bankruptcy Code to mean that the Debtor's performance of the stated intention is mandatory." *In re Harris*, 226 B.R. 924, 926 (Bankr. S.D. Fla. 1998). "Under *Taylor*, a debtor unwilling to reaffirm and unable to pay off the mortgage obligation is required to indicate an intent to surrender the home and ***to tender the property to the mortgagee***." *In re Steinberg*, 447 B.R. at 358 (emphasis supplied).

21. "Allowing a debtors to retain [collateral] property without reaffirming or redeeming gives the debtor not a 'fresh start' but a 'head start' since the debtor effectively converts his secured obligation from recourse to nonrecourse with no downside risk for failing to maintain or insure the lender's collateral." *In re Taylor*, 3 F.3d at 1516.

22. This Court has previously ruled on this issue in *In re Failla,* 11-34324-PGH. Which is consistent with rulings from Judges Kimball, Isicoff and Williamson.  The Court has stated that "the Debtors are not permitted to defend or oppose the foreclosure and/or sale of the Property in the State Court because they swore under oath in this Court that they intended to surrender the Property and benefitted from this declaration." *Id.* at 13.

23. In this case, the record in the Foreclosure Action establishes the Debtors intent to ignore their statement of intentions and contest the foreclosure.  The Debtors have remained this Property since the inception of the Foreclosure Action, and have not made a mortgage payment since March 1, 2009 and have required the Creditor to incur approximately $16,000.00 of legal fees to enforce their security interest in the Property.

24. Rather than comply with the mandatory dictates of §521(a)(2)(B) by performing on their Statement of Intention, the Debtors waited until they were relieved of any personal liability from this debt, and returned to the Foreclosure Action to aggressively litigate this case.  The Debtors own Schedules show their intent not to retain the Property as they failed to claim it as exempt, but rather, the Debtors elected to receive the wildcard exemption of their personal property.

25. The Debtors have obtained the benefit of a no asset Chapter 7 bankruptcy proceeding.  The Debtors were able to receive their discharge, retain all of their personal property, including the subject Property, without complying with §521(a)(2).  The Debtors actions in stopping the Foreclosure Action with this Bankruptcy Proceeding and then litigating the Foreclosure Action since 2010 amounts to a fraud on the Court.

26. This Court has the power under 11 U.S.C. §105(a) to compel the Debtors to surrender the Property to the Creditor.  Additionally, the Court may vacate a discharge order

obtained through fraud upon the Court pursuant to its inherent powers. *Davitch v. Bracken (In re Davitch)*, 336 B.R. 241, 253-54 (Bankr. W.D. Pa. 2006).

27. The Creditor is requesting this Court to uphold the integrity of the bankruptcy system, as well as the state court system, and hold the Debtors to their statement of intentions and surrender the Property. Otherwise, the Debtors will be rewarded for manipulating the bankruptcy system and state court system to gain improper benefits at the expense of their creditors. Such an outcome would permit "a breeding ground for contemptuous refusal to perform the duties required by the Bankruptcy Code." *In re Harris,* 226 B.R. at 925. To the extent the Debtors refuse to surrender the Property to the Creditor, this Court should hold the Debtors in contempt and vacate the December 17, 2010 discharge order.

### THE DEBTORS' CONDUCT PERMITS THIS COURT TO IMPOSE SANCTIONS PURSUANT §105(A) AND ITS INHERENT POWERS

28. The Courts have recognized that when a Debtor surrenders property, but remains in the property, "the debtor effectively converts his secured obligation from recourse to nonrecourse with no downside of risk for failing to maintain or insure the lender's collateral." *In re Taylor*, 3 F.3d at 1516. In these cases, the debtors receive the benefit of remaining in the property free of liability, and with no incentive to pay the insurance and taxes, while the contesting the creditor's ability to secure the collateral despite surrendering it. While the debtor contests, the creditor is advancing the taxes and insurance and incurring legal fees to secure the collateral. This conduct is in violation of §521 and sanctionable.

29. "Federal Courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients." *In re Evergreen Security, Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009), *citing In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008). "This power is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id., citing Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006). Additionally, §105(a) gives this Court the authority to "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or

rules, or to prevent an abuse of process." The Court has "wide discretion to fashion an equitable remedy for contempt that is appropriate to the circumstances." *EEOC v. Guardian Pools, Inc.,* 828 F.2d 1507, 1515 (11th Cir. 1987)

30. The Debtors conduct stated above establishes an abuse of the bankruptcy process and violation of the bankruptcy code, §521(a)(2)(B). Allowing the Debtor an opportunity to correct their error by surrendering the property now alone, is insufficient to make the Creditor whole. Additionally, allowing this conduct without sanctions sets a precedent for abuse of the bankruptcy code with no immediate ramification. The Debtor's forces the Creditor to seek this Court's intervention in an effort to have Debtors abide to their statement of intentions.

31. In the instant case, the Debtors knowingly and intentionally took action to prohibit the Creditor from taking legal title to the Property, which has resulted in a financial loss to the Creditor as follows:

    a. **Accrued Interest:** The Debtor's conduct resulted in the loan accruing a substantial amount of interest that could have been avoided if the Debtors honored their statement of intentions. From the date of discharge to the date of filing this motion, the loan has accrued $39,141.03 (1,545 days at $25.334 per diem).

    b. **Attorneys' Fees and Cost:** Since receiving their discharge the Debtor's conduct resulted in the Creditor incurring legal fees of $16,160.00 and costs of $4,253.33 to litigate the Foreclosure Action. This amount does not reflect the fees and cost incurred in the prosecution of this Motion.

    c. **Taxes and Insurance:** Additionally, the Creditor has been required to pay for the taxes and insurance for the Property while the Debtors have resided in it. From January 5, 2011 to February 3, 2015, the Creditor has advanced a total of $19,894.08[1] in taxes and insurance.

---

[1] This amount breaks down as follows: 01/05/11 Hazard Ins. Forced $226.74; 02/01/11 Hazard Ins. Forced $226.74; 03/01/11 Hazard Ins. Forced $226.74; 04/04/11 Hazard Ins. Forced $226.74; 05/02/11 Hazard Ins. Forced $226.73; 06/03/11 Hazard Ins. Forced $257.51; 07/05/11 Hazard Ins. Forced $236.71; 08/01/11 Hazard Ins. Forced $236.70; 08/19/11 County Tax $3,155.20; 09/06/11 Hazard Ins. Forced $236.70; 10/03/11 Hazard Ins. Forced $236.70;10/31/11 Hazard Ins. Forced $236.70; 12/05/11 Hazard Ins. Forced $236.70; 01/17/12 Hazard Ins. Forced $236.70; 01/31/12 Hazard Ins. Forced $236.70; 03/05/12 Hazard Ins. Forced $236.70; 04/02/12 Hazard Ins. Forced $236.70; 04/30/12 Hazard Ins. Forced $236.70; 06/04/12 Hazard Ins. Forced

32. Based on the figures above the Creditor has paid out of pocket $40,307.41 due to the Debtor's failure to surrender the Property, and have a total loss of $79,448.44 plus the fees and cost incorporated with prosecuting this motion together with accrued interest.

33. The purpose of surrendering property under the bankruptcy code is to assist the parties in obtaining their collateral, as well as providing the Debtors relief from the debt. Here, the Debtors received their benefit, but have fought tooth and nail to prohibit the Creditor from receiving what it is due, and ultimately resulted in the Creditor having to suffer a financial loss.

34. The Creditor's counsel has taken multiple actions to avoid this Court's invention. On February 24th, the undersigned emailed Debtors' foreclosure counsel advising them of their clients' intention to surrender the property. Additionally, on February 25th another attorney for the Creditor attended a deposition with Debtors' foreclosure counsel and advised them of this issue. Despite these attempts the Debtors' continue to litigate this matter.

35. Based on the Debtors' conduct in this case, §105(a) allows this Court to issue a sanctions against the Debtors to prohibit an abuse of process and to enforce §521(a)(2)(B). The Creditor request this Court sanction the Debtors as the Court determines is appropriate.

**WHEREFORE,** Creditor, **CARRINGTON MORTGAGE SERVICES,** as servicer for Deutsche Bank National Trust Company as Indenture Trustee for New Century Home Equity Loan Trust 2004-3, respectfully requests that this Court grant the Motion against the Debtors' **EDWARD JOHN DOLAN** and **LORI ANN DOLAN**, and enter an order:

  a) Re-opening this bankruptcy proceeding;
  b) Compelling Debtors to withdraw their answer and affirmative defenses and other paper filed within the Foreclosure Case, that opposes, defends, or contests foreclosure of the

---

$260.38; 07/02/12 Hazard Ins. Forced $239.34; 07/31/12 Hazard Ins. Forced $239.34; 08/31/12 Hazard Ins. Forced $239.34; 10/01/12 Hazard Ins. Forced $239.34; 10/31/12 Hazard Ins. Forced $239.34; 11/30/12 Hazard Ins. Forced $239.34; 01/02/13 Hazard Ins. Forced $239.34; 01/31/13 Hazard Ins. Forced $239.34;03/08/13 Hazard Ins. Forced $239.34; 04/02/13 Hazard Ins. Forced $239.34; 05/02/13 Hazard Ins. Forced $239.26; 08/06/13 Hazard Ins. Forced $932.22; 09/04/13 Hazard Ins. Forced $310.74; 10/02/13 Hazard Ins. Forced $310.74; 11/04/13 Hazard Ins. Forced $310.74; 12/03/13 Hazard Ins. Forced $310.74; 12/18/13 County Tax $3,325.39;01/03/14 Hazard Ins. Forced $310.74; 02/04/14 Hazard Ins. Forced $310.74; 03/04/14 Hazard Ins. Forced $310.74; 04/02/14 Hazard Ins. Forced $310.74; 05/02/14 Hazard Ins. Forced $310.74; 06/03/14 Hazard Ins. Forced $310.74; 07/02/14 Hazard Ins. Forced $310.74; 08/04/14 Hazard Ins. Forced $310.74; 09/03/14 Hazard Ins. Forced $310.74; 10/02/14 Hazard Ins. Forced $310.74; 11/04/14 Hazard Ins. Forced $310.74; 12/02/14 Hazard Ins. Forced $310.74; 01/05/15 Hazard Ins. Forced $310.74; 02/03/15 Hazard Ins. Forced $310.74

    Mortgage, or otherwise deny any material allegations of the Foreclosure Action within fourteen (14) days of an Order granting this Motion;

c) Order that the Debtors will be held in contempt and the discharge order vacated for refusal to abide by such order compelling the Debtors to surrender the Property;

d) Sanction the Debtors pursuant to 11 U.S.C. §105(a) and the inherent power of the Court;

e) For any other relief this Court deems just and proper.

        SHD Legal Group P.A.
        **Attorney for Creditor**
        PO BOX 11438
        Fort Lauderdale, FL 33339-1438
        Phone: (954) 564-0071
        Fax:   (954) 564-9252
        Email: ADiaz@shdlegalgroup.com

        By:____*/s/ Adam A. Diaz*_____
        Adam A. Diaz
        Florida Bar No. 98379

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 13th, 2015, I served a copy of the foregoing either electronically and/or via first class U.S. mail upon:

Edward John Dolan
5447 Twin Oaks Road
Lake Worth, FL 33463-6774

Lori Ann Dolan
5447 Twin Oaks Road
Lake Worth, FL 33463-6774

Michael E Zapin
2385 NW Executive Center Dr #100
Boca Raton, FL 33431
Deborah Menotte
POB 211087
West Palm Beach, FL 33421

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

By: ___/s/ Adam A. Diaz____
Adam A. Diaz
Florida Bar No. 98379

1422-87507
AAD

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 10-36036-PGH<br>Southern District of Florida<br>West Palm Beach<br>Fri Mar 13 13:49:45 EDT 2015 | Carrington Mortgage Services<br>Marinosci Law Group, P.A.<br>c/o Bart T. Heffernan, Esq.<br>100 West Cypress Creek Road<br>Suite 1045<br>Ft. Lauderdale, FL 33309-2191 | ADT security Services, Inc.<br>14200 E Exposition Avenue<br>Aurora, CO 80012-2540 |
| American Express<br>c/o Becket and Lee LLP<br>Po Box 3001<br>Malvern, PA 19355-0701 | Bank Of America<br>Attn: Bankruptcy NC4-105-03-14<br>Po Box 26012<br>Greensboro, NC 27420-6012 | Capital Management Services, LLP<br>726 Exchange Street<br>Suite 700<br>Buffalo, NY 14210-1464 |
| Capital One, N.a.<br>C/O American Infosource<br>Po Box 54529<br>Oklahoma City, OK 73154-1529 | Carrington Mortgage Se<br>1610 E Saint Andrew Pl<br>Santa Ana, CA 92705-4931 | Chase<br>POB 15298<br>Wilmington, DE 19850-5298 |
| (p)CITIBANK<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 | Client Services, Inc.<br>3451 Harry Truman Blvd.<br>St. Charles, MO 63301-9816 | (p)FORD MOTOR CREDIT COMPANY<br>P O BOX 62180<br>COLORADO SPRINGS CO 80962-2180 |
| GEMB / HH Gregg<br>Attention:  Bankruptcy<br>Po Box 103106<br>Roswell, GA 30076-9106 | Gemb/city Furniture<br>Po Box 981439<br>El Paso, TX 79998-1439 | Hilco Rec<br>Attn: Bankruptcy<br>1120 Lake Cook Road Suite B<br>Buffalo Grove, IL 60089-1970 |
| Lee Estates HOA<br>POB 540835<br>Green Acres, FL 33454-0835 | Ltd Financial Svcs Lp<br>7322 Southwest Fwy Ste 1<br>Houston, TX 77074-2010 | Macys/fdsb<br>Macy's Bankruptcy<br>Po Box 8053<br>Mason, OH 45040-8053 |
| NAFS of Canada<br>% National Action Financial<br>165 Lawrence Bell Dr.<br>Suite 100<br>Williamsville, NY 14221-7900 | Nicole D. Raines<br>Attorney At Law<br>POB 47718<br>Jacksonville, FL 32247-7718 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Palm Beach County Circuit Court<br>County of Palm Beach: Circuit Civil<br>205 N Dixie Hwy<br>West Palm Beach, FL 33401-4522 | Palm Beach County Court Clerk<br>205 N. Dixie Hwy<br>West Palm Beach, FL 33401-4599 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Publix Employees Fed C<br>3005 Us Hwy 92 W.<br>Lakeland, FL 33801 | Sears/cbsd<br>Po Box 6189<br>Sioux Falls, SD 57117-6189 | Tax Collector, Palm Beach County<br>PO Box 3353<br>West Palm Beach, FL 33402-3353 |
| Tnb-visa<br>Po Box 560284<br>Dallas, TX 75356-0284 | Virgina R. Hiatt<br>PO Box 11438<br>Fort Lauderdale, FL 33339-1438 | Wf Card/wb<br>Po Box 5445<br>Portland, OR 97228 |

```
Wf/wb R1                         Deborah Menotte                  Edward John Dolan
P O Box 3117                     POB 211087                       5447 Twin Oaks Road
Winston Salem, NC 27102-3117     West Palm Beach, FL 33421-1087   Lake Worth, FL 33463-6774


Lori Ann Dolan                   Michael E Zapin
5447 Twin Oaks Road              2385 NW Executive Center Dr #100
Lake Worth, FL 33463-6774        Boca Raton, FL 33431-8510
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Citibank Usa                     Ford Motor Credit Corporation    Portfolio Rc
Attn.: Centralized Bankruptcy    National Bankruptcy Center       Attn: Bankruptcy
Po Box 20363                     Po Box 6275                      Po Box 41067
Kansas City, MO 64195            Dearborn, MI 48121               Norfolk, VA 23541
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)West Palm Beach               (d)Chase                         End of Label Matrix
                                 Po Box 15298                     Mailable recipients   34
                                 Wilmington, DE 19850-5298        Bypassed recipients    2
                                                                  Total                 36
```