

**ORDERED in the Southern District of Florida on April 13, 2015.**

Paul G. Hyman, Jr.
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA, WEST PALM BEACH DIVISION**

IN RE:

| | |
|---|---|
| EDWARD JOHN DOLAN and | CASE NO.:   10-36036-PGH |
| LORI ANN DOLAN | CHAPTER 07 |
| Debtor(s) | |
| _____/ | |

**ORDER GRANTING CREDITOR'S MOTION TO RE-OPEN DEBTOR'S BANKRUPTCY, COMPEL SURRENDER OF THE PROPERTY PURSUANT TO §521(A)(2)(B) AND FOR SANCTIONS [DE 26]**

**THIS CAUSE** came before the Court on April 8, 2015 on Creditor's, **CARRINGTON MORTGAGE SERVICES,** as servicer for Deutsche Bank National Trust Company as Indenture Trustee for New Century Home Equity Loan Trust 2004-3, ("Creditor"), *Motion to Re-Open Debtor's Bankruptcy, Compel Surrender of the Property Pursuant to §521(a)(2)(B) and for Sanctions ("Motion to Compel")* [DE 26], the Court having heard argument from counsel for the Creditor, and counsel for the Debtors, EDWARD JOHN DOLAN and LORI ANN DOLAN (collectively "Debtors"), and being otherwise fully advised it is **ORDERED**:

1. The Creditor's Motion to Compel is hereby **GRANTED**;

2. The Clerk of Court is Ordered to re-open this Bankruptcy Proceeding;

3. The Court finds the Debtors are in violation of 11 U.S.C. §521(a)(2)(B) by

contesting the foreclosure action styled *Deutsch Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan trust 2004-3 v. Lori Ann Dolan, et al.,* ("Foreclosure Action)" in the Fifteenth Circuit Court for Palm Beach County Florida, case number 2010-CA-017620 and surrendering the property to the Creditor in this proceeding;

4. The Debtors are required to surrender the subject property, 5447 Twin Oaks Road Lake Worth, Florida 33463 ("Subject Property"), in accordance with *In re Taylor*, 3 F.3d 1512, 1516 (11th Cir. 1993) and its progeny;

5. The Debtors shall, within fourteen (14) days of the entry of this Order, withdraw their Answer and Affirmative Defenses, and any other paper filed in the Foreclosure Action, that opposes, defends, or contests foreclosure of the Mortgage, or otherwise denies any material allegations of the Foreclosure Complaint;

6. The Debtor shall not defend or oppose the foreclosure and sale of the Subject Property;

7. If the Debtor fails to abide by paragraphs five (5) or six (6), the Creditor may file a Motion with the Court requesting any relief necessary or appropriate to compel compliance;

8. The Court defers ruling on Creditor's request for sanctions against the Debtors' pursuant to 11 U.S.C. §105(a) and the inherent power of the Court until **April 29, 2015 at 1:00pm** at which time the Court will conduct an evidentiary hearing permitting the Debtors and their agent, Michael Vater, Esq. of The Ticktin Law Group, to show cause why they should not be sanctioned by this Court;

9. The Court reserves jurisdiction to enforce or clarify the terms of this Order.

# # #

*Adam A. Diaz, Esq is directed to serve a copy of this Order on all interested parties and file a certificate of service with the Court within three (3) days of the entry of the Order.*