

**ORDERED in the Southern District of Florida on April 13, 2015.**

Paul G. Hyman, Jr.
**Chief United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA, WEST PALM BEACH DIVISION

IN RE:

| | |
|---|---|
| EDWARD JOHN DOLAN and<br>LORI ANN DOLAN | CASE NO.:   10-36036-PGH<br>CHAPTER 07 |
| Debtor(s) | |

_____/

### ORDER TO SHOW CAUSE WHY EDWARD JOHN DOLAN, LORI ANN DOLAN AND THE TICKTIN LAW GROUP, AS THE DEBTORS' AGENT,   SHOULD NOT BE SANCTIONED FOR VIOLATION OF 11 U.S.C.§ 521(a)(2)(B) AND SETTING EVIDENTIARY HEARING ON APRIL 29, 2015 AT 1:00PM

**THIS CAUSE** came before the Court on April 8, 2015 on Creditor's, **CARRINGTON MORTGAGE SERVICES,** as servicer for Deutsche Bank National Trust Company as Indenture Trustee for New Century Home Equity Loan Trust 2004-3, ("Creditor"), *Motion to Re-Open Debtor's Bankruptcy, Compel Surrender of the Property Pursuant to §521(a)(2)(B) and for Sanctions* [DE 26], the Court having heard argument from counsel for the Creditor, and counsel for the Debtors, EDWARD JOHN DOLAN and LORI ANN DOLAN (collectively "Debtors"), and for the reasons findings stated below the Court issues this Order to Show Cause why the Debtors and their agent The Ticktin Law Group should not be sanctioned for violating 11 U.S.C.

1

§521(a)(2)(B) and their Statement of Intentions:

The Court **FINDS:**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §§ 157(a)(2)(A) and (O).

2. The Debtor filed this voluntary Chapter 7 proceeding on August 21, 2010.

3. The Debtor listed the subject property, 5447 Twin Oaks Road, Lake Worth, FL 33463-6774 ("Subject Property") in Schedule A and D. Within Schedule D the Debtors listed "Carrington Mortgage Se"(sic) as the Creditor for the Subject Property.

4. The Subject Property was not claimed as exempt in Schedule C. Additionally, in the Debtors' Statement of Intentions, the Debtors stated, under penalty of perjury, that the Subject Property would be surrendered to "Carrington Mortgage Se"(sic) and the Subject Property was not claimed as exempt.

5. The Debtor received a discharge of this Debt on December 17, 2010.

6. The record reflects that the Debtors retained The Ticktin Law Group ("Ticktin") to represent them in the underlying foreclosure action styled, *Deutsch Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan trust 2004-3 v. Lori Ann Dolan, et al.,* ("Foreclosure Action)" in the Fifteenth Circuit Court for Palm Beach County Florida, case number 2010-CA-017620.

7. The record establishes that Ticktin is an agent of the Debtors. Specifically, the Debtors were represented by Joshua Bleil, Esq and Michael Vater, Esq, who are both currently Partners at Ticktin.

8. The record reflects that the Debtors, through Ticktin, vigorously and intentionally contested the foreclosure action despite surrendering the property. In fact, immediately after receiving a discharge the Debtors', through counsel, filed a Motion to Dismiss to Foreclosure

2

Action.

9. The Debtors, through Ticktin, have continued to contest the Foreclosure Action.

10. As this Court has previously held "if the debtor chooses to retain nonexempt collateral under § 521(a)(2), he only has two options: reaffirmation or redemption." *In re Plummer*, 513 B.R. 135, 141 (Bankr. M.D. Fla. 2014) (*citing Taylor v. AGE Fed. Credit Union (In re Taylor)*, 3 F.3d 1512 (11th Cir. 1993)). Judge Jennemann of the Bankruptcy Court for the Middle District of Florida elaborated:

> He may "reaffirm" his agreement with the secured creditor to pay the prepetition debt, or "redeem" the collateral by paying the allowed secured claim amount in full. But, "[w]here the debtor decides not to reaffirm, or the parties cannot negotiate a reaffirmation, or redemption is not economically feasible, the debtor has but one option: 'surrender' the collateral."

*Id.* (*quoting In re Pratt*, 462 F.3d 14, 19 (1st Cir. 2006)); *see also In re Steinberg*, 447 B.R. 355, 357 (Bankr. S.D. Fla. 2011) ("In this circuit, a chapter 7 debtor has only three options with respect to property subject to a lien or mortgage: (1) surrender the property; (2) redeem the property; or (3) reaffirm the debt.").

11. With respect to a secured debt, section 521(a)(2) requires that a chapter 7 debtor surrender the collateral to the secured creditor absent a reaffirmation agreement or redemption of the collateral. *In re Taylor*, 3 F.3d 1512, 1516 (11th Cir. 1993); *In re Steinberg*, 447 B.R. 355, 358 (Bankr. S.D. Fla. 2011); *In re Linderman*, 435 B.R. 715, 718 (Bankr. M.D. Fla. 2009).

12. The record establishes that the Debtors, through Ticktin, failed to comply with their Statement of Intentions and are violation of 11 U.S.C. §521(a)(2)(B) by contesting the Foreclosure Action from December 17, 2010 to present.

Therefore, it is **ORDERED:**

13. The Debtors, EDWARD JOHN DOLAN and LORI ANN DOLAN, shall appear before this Court on **April 29, 2015 at 1:00pm** at the United States Bankruptcy Court, Flagler Waterview Building 1515 North Flagler Drive, Courtroom A, Room 801, West Palm Beach,

Florida 33401 to show cause why they should not be sanctioned for their failure to comply with their Statement of Intentions; and

14. Michael Vater, Esq. Partner of The Ticktin Law Group and Foreclosure Counsel for the Debtors, whose address is 600 West Hillsboro Boulevard, Suite 220 Deerfield Beach, Florida 33441 shall appear before this Court on **April 29, 2015 at 1:00pm** at the United States Bankruptcy Court, Flagler Waterview Building 1515 North Flagler Drive, Courtroom A, Room 801, West Palm Beach, Florida 33401 to show cause why he should not be sanctioned for counseling and assisting in the Debtors' failure to comply with their Statement of Intentions.

# # #

*Adam A. Diaz, Esq is directed to serve a copy of this Order on all interested parties and file a certificate of service with the Court within three (3) days of the entry of the Order.*