1  UNITED STATES BANKRUPTCY COURT
   SOUTHERN DISTRICT OF FLORIDA
2

3  Judge Paul G. Hyman, Jr.

4

5
   In Re:
6
                          Case No. 10-36036-BKC-PGH
7

8  EDWARD JOHN DOLAN and LORI ANN
   DOLAN,
9
            Debtors.
10

   _____
11

12

13                    ECF #26

14

15

16                  April 8, 2015

17

18

19  The above entitled cause came on for hearing before
    the HONORABLE PAUL G. HYMAN, JR., the Chief Judge in
20  the UNITED STATES BANKRUPTCY COURT, in and for the
    SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler
21  Drive, West Palm Beach, Palm Beach County, Florida, on
    April 8, 2015, commencing on or about 9:30 a.m., and
22  the following proceedings were had:

23

24
              Transcribed from a digital recording by:
25              Jacquelyn Ann Jones, Court Reporter

1

APPEARANCES:

2

3  SHD LEGAL GROUP, PA
   By: ADAM DIAZ, ESQUIRE
4  On behalf of the Creditor

5

   LAW OFFICE OF MICHAEL ZAPIN
6  By: MICHAEL ZAPIN, ESQUIRE
   On behalf of the Debtor

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE COURT:  Dolan.  Edward and Lori Dolan.
2          MR. DIAZ:  Good morning, Your Honor.  Adam
3   Diaz on behalf of the creditor.
4          MR. ZAPIN:  Good morning, Your Honor.
5   Michael Zapin on behalf of the debtors.
6          MR. DIAZ:  Your Honor, this is the
7   creditor's motion to reopen the debtors' bankruptcy
8   and to compel surrender of the property and for
9   sanctions.
10         THE COURT:  Okay.
11         MR. DIAZ:  This case is very similar to the
12  In Re F-a-i-l-l-a case Your Honor had earlier today,
13  with actually the same foreclosure defense counsel and
14  the same debtor's counsel.
15         So Your Honor, we're here today because we
16  filed -- the creditor filed a foreclosure action on
17  July 6th, 2010.  And approximately one month later
18  this debtor filed bankruptcy before this Court and
19  surrendered the subject property to the creditor.  The
20  debtor received a discharge on December 17th, 2010,
21  and then the foreclosure action continued.
22         Despite receiving the discharge and
23  surrendering this property the debtors obtained
24  Counsel Ticktin, and they've been aggressively
25  litigating this case up until about two weeks ago.

1  Your Honor, they have not complied with their
2  statement of intention to surrender the property, and
3  the record in the motion shows that they didn't intend
4  to surrender this property and rather wanted to
5  litigate this case.
6          So the first portion of our motion, Your
7  Honor, is to reopen the bankruptcy, and to have the
8  Court enter an order compelling surrender of this
9  property.
10          THE COURT:  Response.
11          MR. ZAPIN:  Good morning, Your Honor.
12  Michael Zapin for the debtors.
13          I do take exception to Counsel's
14  categorization that it was surrender to the creditor
15  is an issue that we're taking up on appeal.
16          But I do think that we could make this very
17  easy, Your Honor.  I can --
18          THE COURT:  Tell me why you disagree with
19  that.
20          MR. ZAPIN:  It's my position, Your Honor,
21  that the surrender was made to the Chapter 7 trustee,
22  and the trustee had abandoned it back.
23          However, Your Honor, if I can simplify.  My
24  client is willing to surrender the property.  This is
25  a different situation.  Counsel referred to the

1  earlier case that was heard on Failla.  But I did
2  confer with my client yesterday, my client lives out
3  of state.  She is not looking to litigate the issue.
4  She's willing to consent to a judgment of foreclosure.
5  However, she's asking for 90 days basically to
6  transition out of the property.  And if Counsel is
7  amenable then I think, you know, we could settle the
8  issue here and be done.  We don't need to deal with
9  those other issues.
10           THE COURT:  When will the sale -- will the
11 sale occur before 90 days?
12           MR. DIAZ:  Well, right now, Your Honor, we
13 haven't even received a judgment in this case.
14           THE COURT:  Okay.  So you've got --
15           MR. DIAZ:  So they do have some time.
16           However, this leads to the second portion of
17 our motion, which we are asking for sanctions against
18 the debtors.  And the basis of that is, we're finding
19 across the board, particularly the foreclosure defense
20 counsels are not taking this issue seriously and
21 requiring us to come and take judicial time from this
22 Court reopening bankruptcies.
23           And in this case on February 24th, and
24 during a deposition on February 25th, we advised
25 Ticktin of this issue asking them if they would like

1  to enter into some sort of agreement so we didn't have
2  to reopen the bankruptcy.  It fell on deaf ears, Your
3  Honor.  It wasn't until last week that we received any
4  offer for a settlement in this case, which was built
5  on conditions.  And today is the first day we're
6  learning of the request for 90 days.
7           So we're just requesting this Court -- we're
8  not requesting an amount.  Whatever the Court finds
9  just, a sanction on the debtor to set a precedent that
10 this is a serious issue, and --
11          THE COURT:  I'm trying to figure out how to
12 get the Ticktin law firm in here.  That's who I would
13 like to be in front of me.  Because I agree with your
14 position.  I agree the debtor is violating her, in
15 this case, their decision to surrender the property.
16 Once they surrender the property they have no right to
17 defend the property, any foreclosure.  And to do so is
18 a bad faith act.  The problem is, that bad faith act
19 is happening in State Court, not here.  And the
20 Ticktin law firm and the debtor should be sanctioned
21 in State Court for it.
22          And so I'm trying to figure out how I can --
23 this is not -- I agree, this is happening over and
24 over.  It's happening in front of Judge Kimball.  He
25 and I have been talking about it, how do we stop it.

1  Because it is bad faith.
2          MR. DIAZ:  And Your Honor, we do understand
3  that in the majority of these cases, it's the debtor
4  relying on their foreclosure counsel.
5          THE COURT:  Yep.
6          MR. DIAZ:  So I would like to get Ticktin in
7  front of you as well.
8          THE COURT:  Tell me how you want to do it
9  and I'll -- I will make sure they stop doing this if
10 you can get them in front of me.
11         MR. DIAZ:  Well --
12         THE COURT:  Maybe they're the debtor's
13 agent.
14         MR. DIAZ:  My initial thought for this, Your
15 Honor, if there was an award of sanctions against the
16 debtor, we were going to approach Ticktin regarding
17 that to pull Ticktin into the Bankruptcy Court.  I
18 haven't thought that through enough to decide how we
19 can possibly do that.
20         THE COURT:  I'll tell you what I'm going to
21 do.  I'm going to issue an order to show cause why
22 Ticktin should not be sanctioned as the agent of the
23 debtor for violating the debtor's notice of surrender
24 of property.  I will set it for hearing.
25         MR. ZAPIN:  Your Honor, could I be heard

1  briefly?
2          THE COURT:  No.  They are going to come in
3  and explain to me why they think it's okay to defend
4  something when the debtor has said, I have no interest
5  in the property.
6          MR. ZAPIN:  Would Your Honor indulge me,
7  just briefly, so I can talk?
8          THE COURT:  I'll indulge you, but they are
9  going to appear in front of me.
10         MR. ZAPIN:  Okay.  What I wanted to say is
11 that, first of all, I was rehired yesterday, and I did
12 come to counsel with what I thought was a fair
13 resolution.  If Your Honor is inclined to sanction, I
14 know you said it's, you're going to sanction the law
15 firm, who is an agent of the debtor, but then it's
16 indirectly --
17         THE COURT:  Yeah.
18         MR. ZAPIN:  -- you're sanctioning the
19 debtor, I would ask for an opportunity, because I was
20 only rehired yesterday, to put in papers to answer
21 this motion, because there are issues --
22         THE COURT:  I'm not sanctioning the debtor
23 today.
24         MR. ZAPIN:  Okay.  All right.
25         THE COURT:  My order to show cause is

1  directed to the debtor and the Ticktin law firm.  The
2  head of the firm, I want -- he is ordered to appear
3  here.  If it's Mr. Ticktin -- I don't know these
4  people, I know the name.
5              MR. DIAZ:  Peter Ticktin.
6              THE COURT:  He's ordered to appear here.
7  I'm not sanctioning the debtor today, because the
8  debtor may come in and say, they told me it's okay, at
9  which point I'm probably not going to sanction the
10 debtor.
11             MR. ZAPIN:  But what I'm asking for is an
12 opportunity to respond to this because we haven't had
13 a chance to put in papers in opposition --
14             THE COURT:  I understand.  And you can
15 certainly file a response to the order to show cause
16 why the debtor and the Ticktin law firm, and, what's
17 his first name, Peter Ticktin, did you say?
18             MR. DIAZ:  Peter Ticktin.
19             THE COURT:  Should not be sanctioned for
20 defending a lawsuit in bad faith in State Court after
21 the debtor surrendered the property here.  Okay.  I'm
22 not sanctioning the debtor yet.  You have time to come
23 in and defend the debtor.
24             MR. ZAPIN:  Okay.
25             THE COURT:  Okay.  I'm not prejudging.  She

1  has the right, they have the right to come in and say,
2  Ticktin told me it was fair and legal.  Then Ticktin's
3  got a problem.
4          MR. DIAZ:  So Your Honor would like an order
5  granting this motion and then a separate order to show
6  cause?
7          THE COURT:  Yes.  I'm granting the motion,
8  yes, the answer is yes, reserving on sanctions.  And
9  then a separate order to show cause.  Be set at 1:00
10 on the 29th of April.  Your story is not unusual.
11         MR. DIAZ:  We're aware.
12         THE COURT:  Okay.  Good.  Make sure your
13 client is prepared to throw them under the bus if she
14 doesn't want to be sanctioned (laughter).  Because I
15 have a feeling that's really what's going on, that
16 she's getting bad -- they are getting bad advice.
17 Okay.  Thank you.
18         MR. DIAZ:  Thank you, Your Honor.
19         THE COURT:  Okay.  You're welcome.
20         (The proceedings were concluded.)
21
22
23
24
25

1       C E R T I F I C A T E

2

3       I, JACQUELYN ANN JONES, Court Reporter and

4  Notary Public in and for the State of Florida at

5  Large, do hereby certify that the foregoing

6  proceedings were transcribed by me from a digital

7  recording held on the date and from the place as

8  stated in the caption hereto on page 1, to the best of

9  my ability.

10

11      In witness whereof I have hereunto set my

12  hand and seal this  12th  day of  May, 2015.

13

14

15                              _____

16                              JACQUELYN ANN JONES

17                              Commission DD 853019

18                              Expires Feb. 18, 2017

19

20

21

22

23

24

25